**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**S.L.S.,**
**by her next friend Nina Holmes,**

       **Plaintiff,**        **Civil Action No. 08-14615**

       **vs.**        **District Judge Arthur J. Tarnow**

**Detroit Public Schools,**        **Magistrate Judge Mona K. Majzoub**

       **Defendant.**
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**

Before the Court is Plaintiff's motion to compel discovery. (Dkt. 24.) The Court has been referred this motion pursuant to 28 U.S.C. § 636(b)(1)(A). The Court has reviewed the pleadings, dispenses with oral argument, and is now ready to rule.[1] For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.

**I.   Background**

On October 30, 2008, Plaintiff, who is autistic and suffers from other impairments, filed this discrimination and failure to accommodate case. Plaintiff generally alleges that Defendant violated the Americans with Disabilities Act, the Persons with Disability Civil Rights Act, and the Rehabilitative Act when it restrained her in a chair in violation of a behavior intervention plan and allegedly caused her injuries.

**II.   Discovery standard**

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite

---

[1] ED Mich. LR 7.1(f)(2).

broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

### III.     Analysis

As an initial matter, the Court admonishes both parties for failing to comply with Eastern District of Michigan Local Rule 37.2. That rule states:

> Any discovery motion filed pursuant to [Federal Rules of Civil Procedure 26 through 37], shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion.

On May 20, 2011, Plaintiff filed this motion to compel discovery. (Dkt. 24.) In her motion, she does not provide a verbatim recitation of the discovery requests she is attempting to compel. Nor does she attach a copy of the discovery requests. Defendant, too, is blameworthy, for it did not even file a response to the motion to compel. On August 29, 2011, in an effort to move the discovery process along, the Court ordered the parties to provide a joint statement of resolved and unresolved issues by September 6, 2011. On September 12, 2011, the parties filed that joint statement. (Dkt. 37, Joint Statement.) The purpose of the joint statement was to give the parties the opportunity to show the Court where exactly in the discovery process they were, and for the parties to be given an opportunity to resolve some of the discovery issues. The joint statement has shown that the parties have resolved the depositions issue at the moment. But the joint statement utterly fails to resolve

the interrogatory and document requests issues. This failure to resolve the issues and the abuse of the discovery process have demonstrated a blatant disregard for the Court's time and resources.

Plaintiff states that it served its first discovery request on January 5, 2011. (Joint Statement at 1.) Defendant responded on June 17, 2011. (*Id.*) Plaintiff alleges that Defendant's responses were deficient. (*Id.*) Defendant argues that the responses were sufficient. (*Id.*) Plaintiff also argues that Defendant failed to reply to interrogatories dated January 5, 2011. (*Id.*) Defendant argues that it replied to the interrogatories in the extended time frame the court permitted. (*Id*. at 2.)

As the Court will discuss below, the Court is unable to tell what Defendant responded in the actual interrogatory, and what it is asserting *de novo* in the joint statement.

### A.    Interrogatories

In Plaintiff's first interrogatory, she requests that Defendant identify current or former employees that were involved and how they were involved with/in Plaintiff's care or education. In the joint statement, Defendant objects to this interrogatory, but then provides a list in the joint statement. The Court is unable to determine if Defendant actually responded to the interrogatory. The Court will therefore order Defendant to file full and complete written responses to Plaintiff's first interrogatory consistent with the description provided by Defendant in the joint statement, and in accordance with the Local Rules.

In Plaintiff's third interrogatory, she requests that Defendant identify the restraint chair and how many times and for how long Plaintiff was restrained in the chair during various time periods. In the joint statement, Defendant objects, arguing that it has denied that Plaintiff was restrained in the chair and states that it only placed Plaintiff in the chair. Defendant more fully responds in the joint statement that it does not know "at this time" the answers to Plaintiff's interrogatory. The

Court will order Defendant to file full and complete written responses to Plaintiff's third interrogatory consistent with the description provided by Defendant in the joint statement, and in accordance with the Local Rules.

Plaintiff's fourth interrogatory requests Defendant to identify any other students whom Defendant had restrained in a chair, whether the students suffered any disability and what chair Defendant used. In the joint statement, Defendant again argues that it does not restrain the students in chairs and instead places them in the chair. Again, because the Court does not know whether Defendant ever responded to the interrogatory in writing, the Court will order Defendant to file full and complete written responses to Plaintiff's fourth interrogatory consistent with the description provided by Defendant in the joint statement, and in accordance with the Local Rules.

Plaintiff's sixth interrogatory requests Defendant to "[d]escribe the usual process for handling behavior problems if a student does not have a current Behavior Intervention Plan. Description must include which persons are notified and the role of the Resource Coordinating Team, if any. Description must also include reasons, if any, to depart from this process." In the joint statement, Defendant argues that it does not have a usual process for handling behavior problems and that each student has a tailored plan. The Court will order Defendant to file full and complete written responses to Plaintiff's sixth interrogatory consistent with the description provided by Defendant in the joint statement, and in accordance with the Local Rules.

The seventh interrogatory asks Defendant to identify whether it notified various people about the restraint chair allegedly used. In the joint statement, Defendant responds that it is without sufficient knowledge and/or is not in possession, custody, or control of the requests/information. Defendant further objects, again raising the restraint issue. The Court will order Defendant to file

full and complete written responses to Plaintiff's seventh interrogatory consistent with the description provided by Defendant in the joint statement, and in accordance with the Local Rules.

Plaintiff's eighth interrogatory requests Defendant to describe the "usual process for accommodating a student's disability[.]" Plaintiff also requests that the answer include a description whether the accommodation is different for students with an individualized education plan or behavior intervention plan already in place and whether there would be reasons to depart from the usual accommodation process. In the joint statement, Defendant again has responded that it does not have a usual process and instead each student has a tailored program. The Court will order Defendant to file full and complete written responses to Plaintiff's eighth interrogatory consistent with the description provided by Defendant in the joint statement, and in accordance with the Local Rules.

Plaintiff's ninth interrogatory requests "any accommodation given to any student for screaming or acting resistant to direction[.]" Plaintiff argues that this information is relevant to her overall claims of discrimination and failure to accommodate. In the joint statement, Defendant argues that the request is vague and ambiguous, over broad and unduly burdensome. The Court finds that this request is over broad and will deny it.

Plaintiff's tenth interrogatory requests Defendant to "[d]escribe the policy/procedure for handling a student who is a danger to herself or others[.]" Plaintiff argues that this information is relevant to Plaintiff's overall claims of discrimination and failure to accommodate. In the joint statement, Defendant argues, as above, that the policies and procedures vary according to the student's individualized needs and therefore that this interrogatory is vague and ambiguous, overly broad and unduly burdensome. The Court will order Defendant to file full and complete written

responses to Plaintiff's tenth interrogatory consistent with the description provided by Defendant in the joint statement, and in accordance with the Local Rules.

Plaintiff's eleventh and twelfth interrogatories again request information as to why Defendant restrained Plaintiff. Defendant again objects in the joint statement, stating that it did not restrain Plaintiff. In the joint statement, Defendant does provide a list of reasons why it placed Plaintiff in the chair and a list of people knowledgeable about the alleged incident, though. The Court will order Defendant to file full and complete written responses to Plaintiff's eleventh and twelfth interrogatories consistent with the description provided by Defendant in the joint statement, and in accordance with the Local Rules.

Plaintiff's thirteenth interrogatory requests the factual basis for Defendant's affirmative defenses. Defendant argues in the joint statement that this request is premature. The Court finds that the request is not premature and will order Defendants to respond to the request as it is able to at this time. The Court further reminds Defendant of its ongoing duty to supplement discovery as information becomes available.

Plaintiff's fourteenth interrogatory requests all discrimination and failure to accommodate cases filed against Defendant since January 1, 2000. The Court finds that this request is over broad and not specifically tailored or relevant to Plaintiff's claims. The Court therefore denies the motion to compel.

The parties have also submitted their disputes as to the chair inspection, depositions, and production of documents as follows:

### B. Chair inspection

Plaintiff alleges that Defendant has failed to allow Plaintiff to view the relevant alleged

restraint chair. In the joint statement, Defendant alleges that it has made the chair available. Defendant further alleges that it has provided dates for Plaintiff to inspect the chair at the school where the chair is located but that Plaintiff has not acted upon the opportunity. The Court therefore will order that Defendant find a mutually agreeable time, after school hours, for Plaintiff to inspect the chair, within thirty days of the district court's ruling on the motion to dismiss currently pending, if necessary.

### C. Depositions

In the joint statement, the parties indicate that they have temporarily agreed to deposition dates. (Joint Statement at 2.) If the parties continue to have issues with scheduling depositions after the court's decision on the motion to dismiss, they may re-file a motion to compel. The Court will deny without prejudice the motion to compel the depositions as moot.

### D. Production of documents

In her motion, Plaintiff states that she requested documents: relied on in answering Plaintiff's first interrogatories; related to Plaintiff's disability; relating to any chairs or restraint devices; relating to issues of restraining a student; related to the ISD investigation; regarding any communications concerning Plaintiff; that Defendant may use in deposing Plaintiff or any other witness for Plaintiff; Plaintiff's complete educational file; that Defendant may use in trial against Plaintiff. (Pl.'s Mot. to Compel at 9.) But again, Plaintiff has failed to comply with Local Rule 37.2 and attach the actual request for production of documents. In the joint statement, Defendant argues that it has provided Plaintiff with the documents responsive to Plaintiff's requests for production. Defendant further argues that the documents that it has not provided are either not available and/or not relevant. Defendant states that Plaintiff has requested "confidential information pertaining to

7

other students that cannot be disclosed pursuant to the Family Education Rights and Privacy Act." (Joint Statement at 15.) In the joint statement, Defendant also states that Plaintiff "has requested information that is not available and that would be cost prohibitive to ascertain even if it could be obtained." (*Id.*) Defendant argues that Plaintiff has access to the same resources that Defendant does and that Defendant should not have to fund Plaintiff's case.

The Court will order Defendant to comply with Plaintiff's requests for production or state that no documents exist as provided by Defendant in the joint statement, and in accordance with the Local Rules. With regard to Defendant's argument that it has not produced irrelevant discovery or discovery that Plaintiff can obtain by her own means, the Court lacks sufficient information to rule on the matter at this time. If Plaintiff has a more specific request about a document that Defendant is withholding, Plaintiff may bring another motion to compel.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel discovery is **GRANTED IN PART** and **DENIED IN PART.** The Court orders Defendant to respond in writing with full and complete answers to interrogatories 1, 3, 4, 6-8, and 10-13 consistent with the answers provided in the joint statement, if Defendant provided an answer in the joint statement, within 30 days of this order. The Court denies Plaintiff's motion to compel with respect to interrogatories 9 and 14. The Court orders Plaintiff and Defendant to mutually agree upon a time to inspect the alleged restraint chair within thirty days after the district court's order on the motion to dismiss, if necessary. The Court denies as moot and without prejudice Plaintiff's motion to compel depositions. And the Court orders Defendant to comply with Plaintiff's requests for production or state that no documents exist as provided by Defendant in the joint statement, and in accordance with the Local Rules within 30 days of this order.

**IT IS FURTHER ORDERED** that Plaintiff's request for costs associated with filing this motion is denied. Fed. R. Civ. P. 37(a)(5)(C)

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: October 7, 2011                s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 7, 2011                s/ Lisa C. Bartlett
                                      Case Manager