UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SLS,

    Plaintiff by Next Friend Nina Holmes,    Case No. 08-14615

v.

DETROIT PUBLIC SCHOOLS,

    Defendant.

SENIOR UNITED STATES
DISTRICT JUDGE
ARTHUR J. TARNOW

_____/

**ORDER DENYING DEFENDANT'S MOTION
TO SET ASIDE ORDER TO POST BOND [42] AND
DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT [47]**

Before the Court are 1) Defendant's Motion to Set Aside Order to Post Bond [42] and 2) Plaintiff's Motion for Default Judgment [47].

These motions follow a November 17, 2011 hearing on Defendant's Motion to Dismiss [23]. The Court denied the motion, in part, because Defendant's Motion was based on the theory that Plaintiff did not exhaust administrative remedies. The parties, however, had stipulated that administrative remedies were exhausted prior to the filing of Defendant's motion. Plaintiff argued that Defendant's motion was essentially frivolous because of the stipulation and requested Rule 11 sanctions for having to address the motion and discovery violations. The Court, therefore, imposed Rule 11 sanctions against Defendant by requiring Defendant to post a $300,000 security bond. Tr. at 22. Now Defendant seeks to set aside the sanction, and Plaintiff requests default judgment for Defendant's failure to post the bond. At the hearing, Defendant did not object or even comment on the imposition of the sanctions. Defendant asked how much the bond would be and then said thank you. Tr. at 21-22.

*1)      Defendant's Motion to Set Aside Order to Post Bond* [42]

Before the Court is Defendant's Motion to Set Aside Order to Post Bond [42]. Plaintiff filed a Response [43] arguing that Defendant's Motion [42] should be treated as an untimely Motion for Reconsideration. Plaintiff also stated that she would file a substantive response if the Court so ordered. The Court issued an Order to Respond [55]. Plaintiff filed another Response [56].

Defendant argues that the bond requirement be set aside pursuant to Federal Rules of Civil Procedure 60(b)(6). Rule 60(b) states that a court may grant relief from a final order for any reason that justifies relief. Fed. R. Civ. P. 60(b). "A district court should grant relief from operation of a judgment under Rule 60(b)(6) when it determines in its sound discretion that substantial justice would be served." *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998) (citing *Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir. 1985)). "Such relief, however, should be applied only in exceptional or extraordinary circumstances." *Id.* (quoting *Hopper v. Euclid Manor Nursing Home Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). The Court has found that "exceptional or extraordinary circumstances" to be circumstances that neither party could have prevented. *See Olle*, 910 F.2d at 365. For instance, an extraordinary circumstance is a significant and unforseen change in controlling law. *Cincinnati Ins. Co.*, 151 F.3d at 579-80.

Defendant argues that the extraordinary circumstance here is that 1) Defendant had no opportunity to object and 2) that a bond is unnecessary because it would be able to pay a judgment if one is entered against it. Defendant cites no case law to support the assertion that its situation amounts to an "exceptional or extraordinary circumstance."

Plaintiff responds that Defendant has not met the Rule 60(b)(6) threshold. Resp. [56], at 3. Plaintiff argues that the Court's Rule 11 sanction for Defendant's filing of a frivolous motion is not the type of procedural irregularity or miscarriage of justice that mandates relief. *See Olle v. Henry*

2

*& Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (holding that Rule 60(b) applies when one of the five other grounds of relief under Rule 60(b) are unavailable and there is an "unusual and extreme situation[] where principles of equity *mandate* relief"). Plaintiff also argues that Rule 60(b)(6) is an inappropriate vehicle for the relief Defendant seeks because the order is not a final judgment or order. Resp. [56], at 3 (citing *Franzon v. Massena Mem'l Hosp.*, 189 F.R.D. 220, 223 (S.D.N.Y. 1999)).

Here, Defendant's case does not rise to the "exceptional or extraordinary circumstances" standard required by Rule 60(b)(6). Defendant had the opportunity to object when the Court imposed sanctions. Defendant chose not to do so. Defendant also had the opportunity to file a motion for reconsideration as allowed by this Court's Local Rules. Defendant chose not to do so. Defendant's only evidence in support of its position is a self-serving affidavit that is insufficient to support relief under Rule 60(b)(6). Furthermore, as argued by Plaintiff, the award of sanctions is not a final judgment or order from which Rule 60(b)(6) relief is available. Defendant's Motion to Set Aside Order to Post Bond [42] is, therefore, denied.

    *2)    Plaintiff's Motion for Default Judgment* [47]

Due to Defendant's failure to post the ordered bond, Plaintiff filed a Motion for Default Judgment [47]. Defendant filed a Response [49]. Plaintiff filed a Reply [50].

"Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). "Trials on the merits are favored in federal courts." *Id.* at 849. The Court applies a four-part test:

> 1) whether the party's failure to cooperate in discovery is due to wil[l]ful bad faith and not mere inability to cooperate, 2) whether the opposing party was prejudiced, 3) whether the offending party was warned that failure to cooperate could result in default judgment, and 4) whether less drastic sanctions were considered prior to an entry of default.

3

*Ndabishuriye v. Albert Schweitzer Soc'y, USA, Inc.*, 136 Fed. App'x 795, 800 (6th Cir. 2005) (unpublished) (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir.1990)).

The parties both agree that the third factor has not been met. Defendant was not given notice that the failure to cooperate could result in a default judgment against it. While the Court understands Plaintiff's frustrations, default judgment is not appropriate at this time. The Court notes Plaintiff's arguments as to Defendant's alleged dilatory tactics, the motion challenging a stipulation, and its alleged bad faith in delaying this case. A trial on the merits, however, is favored. Plaintiff's Motion for Default Judgment [47] is denied without prejudice.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Set Aside Order to Post Bond [42] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant is to obtain a security bond in the amount of $300,000.00 on or before **August 31, 2012**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment [47] is **DENIED WITHOUT PREJUDICE** to renew the motion if the bond is not secured by the August 31, 2012 due date.

**SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

Dated: August 15, 2012

---

**CERTIFICATE OF SERVICE**
I hereby certify on August 15, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 15, 2012: None.

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182